UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,        No. 1:21-mj-30213

v.

Jeffrey Piecka,

        Defendant.

_____/

**GOVERNMENT'S MOTION TO ADJOURN PRELIMINARY HEARING AND FOR DETERMINATION OF EXCLUDABLE DELAY UNDER THE SPEEDY TRIAL ACT AND SUPPORTING BRIEF**

The United States of America, by and through its undersigned attorneys, move for an adjournment of the preliminary hearing and an ends-of-justice continuance under the Speedy Trial Act. In support, the government states as follows:

1. The defendant was arrested on the criminal complaint in this case on May 12, 2021, and he also made his initial appearance on the criminal complaint on May 12, 2021. The defendant was released on a $10,000 unsecured bond. The preliminary hearing is currently scheduled to take place on June 2, 2021.

2. The government and the defendant are engaged in pre-indictment plea negotiations that may result in a plea agreement, which will eliminate the need for

this Court to conduct a preliminary hearing. A pre-indictment plea agreement will also provide that the defendant waive his right to be prosecuted by indictment and thus eliminate the need for the government to seek an indictment and consume grand jury resources. In addition, a pre-indictment plea agreement will also eliminate the need for a trial.

3. A part of the plea negotiations involves defense counsel's assessment of the government's case against the defendant. This assessment requires that defense counsel have the reasonable time necessary to adequately review the discovery provided and/or about to be provided by the government to him and then confer with the defendant. The discovery includes the following categories of evidence: agency reports, bank records, and an audio file.

4. In light of the above, the government submits that there is good cause to adjourn the preliminary hearing. Moreover, the defendant has consented to this adjournment, and the adjournment sought is fairly limited. *See* Fed. R. Crim. P. 5.1(d) ("With the defendant's consent and upon a showing of good cause – taking into account the public interest in the prompt disposition of criminal cases – a magistrate judge may extend the time limits in Rule 5.1(c) one or more times.").

5. In addition, in light of the above, the government submits that the ends of justice served by a continuance of the 30-day arrest-to-indictment period under the

Speedy Trial Act will outweigh the best interest of the public and the defendant in a speedy indictment. *See* 18 U.S.C. § 3161(h)(7) ("The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed: . . . (7) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy [indictment]."). Such a continuance would allow the parties to continue their pre-indictment plea negotiations without strict time constraints and pursue an expeditious and fair resolution of the government's prosecution of the defendant. It would also likely result in the conservation of judicial and prosecutorial resources by eliminating the need for a preliminary hearing and the conservation of grand jury and prosecutorial resources by eliminating the need for the defendant to be prosecuted by way of a grand jury indictment. It would also likely result in the conservation of judicial and prosecutorial resources by eliminating the need for a trial.

6.     Accordingly, the government requests that this Court find that there is good cause to adjourn the preliminary hearing in this case and order that the preliminary

hearing be adjourned until August 2, 2021. The government also requests that this Court find, based on the information and explanation set forth above, that the ends of justice served by a continuance of the 30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendant in a speedy indictment. The government requests that this ends-of-justice continuance begin on the date of this motion and continue through August 2, 2021 and that that period be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

7. Defense counsel, Sanford A. Schulman, does not oppose this motion.

                Respectfully submitted,

                Saima S. Mohsin
                Acting United States Attorney

                s/Corinne M. Lambert
                Corinne M. Lambert, P74285
                Special Assistant U.S. Attorney
                211 W. Fort Street, Suite 2001
                Detroit, MI 48226
                Corinne.Lambert@usdoj.gov
                (313) 226-9129

Dated: June 2, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,        No. 1:21-mj-30213

v.

Jeffrey Piecka,

        Defendant.

_____/

## **ORDER**

This matter coming before the Court on the Government's Motion to Adjourn Preliminary Hearing and for Determination of Excludable Delay under the Speedy Trial Act, and defense counsel having indicated that he does not oppose the motion, for the reasons stated in the government's motion, the motion is granted.

The Court finds, based on the information and explanation set forth in the government's motion, that there is good cause to adjourn the preliminary hearing in this case and orders that it be adjourned to August 2, 2021. *See* Fed. R. Crim. P. 5.1(d).

In addition, for the reasons stated in the government's motion, the Court finds, based on the information and explanation set forth in the government's

motion, that the ends of justice served by a continuance of the 30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendant in a speedy indictment. *See* 18 U.S.C. § 3161(h)(7). Accordingly, the Court grants a continuance until August 2, 2021, and orders that the period from June 2, 2021 to August 2, 2021 be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

s/ Patricia T. Morris
Patricia T. Morris
United States Magistrate Judge

Dated: June 2, 2021